IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Andrew Newsome,                  :

     Plaintiff,              :

  v.                             :       Case No. 2:09-cv-00411

Michael J. Astrue,               :       JUDGE GRAHAM
Commissioner of Social Security,
                                     :

     Defendant.

<u>ORDER</u>

This matter is before the Court to consider <u>de</u> <u>novo</u> the plaintiff's objections to a Report and Recommendation of the Magistrate Judge recommending that judgment be entered in favor of the Commissioner. The Commissioner did not respond to the objections. Nevertheless, for the following reasons, those objections will be overruled and judgment will be entered for the defendant.

In plaintiff's statement of errors, he argued for reversal of the Commissioner's decision because, in his view, his migraine headaches were not properly evaluated in determining his residual functional capacity, the opinion of the consultative examiner, Dr. Scott, was not properly weighed, and the Commissioner did not correctly evaluate the credibility of his testimony. The Report and Recommendation found each of these assignments of error to be without merit, concluding that the sparsity of the record concerning plaintiff's headaches justified the Commissioner's failure to attribute significant work-related limitations to that condition, that the Commissioner appropriately weighed Dr. Scott's opinion against other conflicting evidence in the record, and that the Commissioner's credibility determination was within the range of discretion afforded to the Commissioner on that

subject. In his objections, plaintiff reiterates the same issues.

The latter two objections are entirely without merit. The question of how much weight to give to the opinion of a non-treating medical source whose opinion both conflicts with other evidence of record and which is based on the subjective report of symptoms by the plaintiff, who was found not to be entirely credible, is one about which the Commissioner has substantial discretion. The Court can reverse that determination only if the Commissioner's rejection of Dr. Scott's opinion had no reasonable basis in the record or violated some regulation or ruling concerning how such opinions are to be treated. Neither is the case here. Further, the Commissioner's finding as to the plaintiff's credibility is entitled to great deference, and that finding does not, as plaintiff argues, rely solely upon the fact that plaintiff could do some daily activities. Again, the administrative decision performs an appropriate analysis and articulates various reasons why plaintiff's testimony was not accepted in its entirety, and the Court may not overturn that decision.

The issue concerning plaintiff's headaches presents a closer question. As the objections note, plaintiff did report migraine headaches to various doctors on multiple occasions in 2004, 2005, and 2007. However, most, if not all, of the 2004-05 reports are simply recitations of his medical history given to physicians who were diagnosing or treating other conditions, such as his back condition or his seizure disorder, and those doctors did not either diagnose or treat plaintiff for migraines. One of these notes, at Tr. 350, does not indicate migraine headaches at all, but rather that plaintiff was experiencing headaches from his medication. The first time that, according to the records, plaintiff actually sought treatment for migraine headaches was in

January, 2007, when he went to the emergency room complaining of a headache that had awakened him from sleep.  He was successfully treated with medication and it was recommended that "[i]f the headaches become chronic as he states ... he follow up with neurologist for further treatment and evaluation."  (Tr. 414).  There is no evidence that he did so.  The only other treatment note about migraines is an emergency room report dated August 2, 2007, which indicated that plaintiff had run out of Excedrin Migraine and had developed a headache.  At that time, plaintiff reported that his headaches were "very variable" and could occur as infrequently as once every two months or as frequently as once every two weeks.  Again, he was treated with medication, and apparently did not follow up with any doctor for further treatment.  (Tr. 396).

Distilled to their essence, the medical records reflect that plaintiff reported on several occasions in 2004 and 2005 an unverified history of migraine headaches which were never diagnosed or treated by any doctor.  No mention of this condition is made in 2006.  In 2007 he was twice treated for migraines but pursued no regular course of treatment, and by his own admission the frequency of these headaches was very variable.  Given this state of the record, the Court cannot conclude that the Commissioner erred by not treating this impairment as severe or finding that it significantly limited plaintiff's ability to work.  The Court therefore agrees with the Report and Recommendation that this issue does not provide a basis for either reversal or remand.

For these reasons, the plaintiff's objections to the Report and Recommendation of the Magistrate Judge are OVERRULED, and the Report and Recommendation is ADOPTED.  The plaintiff's statement of errors is OVERRULED, the decision of the Commissioner is AFFIRMED, and the Clerk is directed to enter judgment in favor of

the defendant Commissioner.

    It is so ORDERED.

                                   <u>s/James L. Graham</u>
                                   JAMES L. GRAHAM
                                   United States District Judge

DATE: April 2, 2010